SOL:JC:SR
(05)01589

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                              Plaintiff,

                    v.

J. MICHAEL BLOOM & ASSOCIATES LTD.
401(k) SAVINGS PLAN,

                              Defendant.
----------------------------------------

**05 CV 5285**

**JUDGE STEIN**

:       Civil Action File
:       No.

COMPLAINT

JUN 0 3 2005
U.S.D.C. S.D. N.Y.
CASHIERS

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

## Jurisdiction, Parties and Venue

2. Jurisdiction over this action is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. The J. Michael Bloom & Associates Ltd. 401(K) Savings Plan ("the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by J. Michael Bloom & Associates Ltd., ("the Company"), an employer that employed employees covered by the Plan and was

1

located at 233 Park Avenue South, 10th Floor, New York, New York, 10003.

4.   Fidelity Investments Institutional Services Company, Inc. ("Fidelity"), is the custodian of the assets of the Plan.

5.   Venue for this action lies in the Southern District of New York where the Plan was administered, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Factual Allegations

6.   On information and belief, Daniel Heffernan ("Heffernan") was the named Trustee of the Plan and is no longer in the country.

7.   On information and belief, Hannis Hofer ("Hofer") was a fiduciary of the Plan and is no longer in the country.

8.   On information and belief, the Company has been defunct as of January 1999.

9.   On information and belief, Hofer and Heffernan abandoned their positions as Trustees of the Plan without ensuring the appointment of a successor fiduciary.

10.  To the best of Plaintiff's information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. As a result, the Plan's participants and beneficiaries of the Plan have not been able to gain access to or information about their individual account balances.

11.   The Plan has not been formally terminated.

12.   On information and belief, nobody, including Hofer and Heffernan, has been actively managing the Plan or its assets. As a result, the Plan's participants and beneficiaries of the Plan have not been able to gain access to or information about their individual account balances.

13.   The custodian of funds is Fidelity Investments Institutional Services Company, Inc. ("Fidelity"). To the best of the Secretary's knowledge, information, and belief, the assets of the Plan held by Fidelity have a value of approximately $95,422.00.

## Violations

14.   Because of the facts and circumstances set forth in Paragraphs 6-13, above, the Plan does not have named fiduciaries or trustees with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

15.   Because of the facts and circumstances set forth in Paragraph 6-13 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement.   Because the basis upon which payments are

3

made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

## Prayer for Relief

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A. Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination.

B. Provide such other relief as may be just and equitable.

Dated:   June 2 , 2005
New York, New York

Respectfully submitted,

/s/ Howard M. Radzely
HOWARD M. RADZELY
Solicitor of Labor

/s/ Patricia M. Rodenhausen
PATRICIA M. RODENHAUSEN
Regional Solicitor

/s/ John G. Campbell
JOHN G. CAMPBELL
Attorney
JC(2125)

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York   10014
Tel.: (212) 337-2111
FAX:  (212) 337-2112

U.S. Department of Labor,
Attorneys for Plaintiff.

4